UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CLIFFORD OLSHAKER, *individually*
*and on behalf of his child, S.O., a minor,*

                Plaintiff,

    -against-

NEW YORK CITY
DEPARTMENT OF EDUCATION,

                Defendant.
------------------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-2835 (OEM) (TAM)

ORELIA E. MERCHANT, United States District Judge:

*Pro se* plaintiff Clifford Olshaker[1] ("Plaintiff") brought this federal action on behalf of himself and his minor daughter, S.O.,[2] seeking attorneys' fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, for costs incurred during administrative proceedings. Amended Complaint ("Amended Complaint" or "Am. Compl."), Dkt. 20. Before the Court is defendant New York City Department of Education's ("Defendant") motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims on which relief can be granted. *See* Defendant's Memorandum of Law in Support of its Motion to Dismiss ("Motion" or "Mot."), Dkt. 22; Plaintiff's Response in Opposition ("Opp'n"), Dkt. 24; Defendant's Reply, Dkt. 25.

For the following reasons, Defendant's Motion is granted.

---

[1] Although Plaintiff is proceeding *pro se*, he is an attorney.

[2] Consistent with Federal Rule of Civil Procedure 5.2(a)(3), the Court refers to the minor daughter by her initials.

1

## BACKGROUND

A. **The IDEA**

The IDEA is designed "to ensure that all children with disabilities have available to them a free appropriate public education [FAPE] that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(A); *see also Schaffer v. Weast*, 546 U.S. 49, 51 (2005); *A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 72 (2d Cir. 2005). "A 'free and appropriate' education is one that benefits a child's particular educational needs with a program specifically tailored to that child." *D.M. ex rel. G.M. v. Bd. of Educ.*, 296 F. Supp. 2d 400, 403 (E.D.N.Y. 2003). The IDEA offers state governments federal funding to help educate children with disabilities and, in exchange for those funds, participating states and school districts must adopt policies and procedures to ensure that a disabled child receives a FAPE through an Individual Education Plan ("IEP"). *See* 20 U.S.C. § 1414(d)(1)(A); *Schaffer*, 546 U.S. at 51; *Student X v. N.Y.C. Dep't of Educ.*, 07-CV-2316 (NGG) (RER), 2008 WL 4890440 at *1-2 (E.D.N.Y. Oct. 30, 2008). An IEP is a "written statement" developed each academic year that sets out the child's academic achievement and functional performance. 20 U.S.C. § 1414(d)(1)(A)(i)(I). It also establishes annual and short-term objectives for improvements and specifies the services the school will provide to help the child meet those objectives. 20 U.S.C. §§ 1414(d)(1)(A)(i)(I) to (IV); *D.D. ex rel. V.D. v. N.Y.C. Bd. of Educ.*, 465 F.3d 503, 507-08 (2d Cir. 2006). New York has opted to receive IDEA funds. *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 224 (2d Cir. 2012).

To ensure that disabled children are provided with a FAPE, the IDEA "requires that states offer parents of a disabled student an array of procedural safeguards." *B.W. ex rel. K.S. v. N.Y.C. Dep't of Educ.*, 716 F. Supp. 2d 336, 343 (S.D.N.Y. 2010). If a parent believes that a school has

2

failed to comply with its obligations under the IDEA, parents and students may file a due process complaint and request a due process hearing conducted by an Impartial Hearing Officer ("IHO") "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. §§ 1415(b)(6)(A), (f)(1); N.Y. EDUC. L. § 4404(1).

To further ensure that children with disabilities receive a FAPE, the IDEA provides that "[i]n any action or proceeding brought under [the IDEA], [a] court, in its discretion, may award reasonable attorneys' fees as part of the costs to [the parents] of a child with a disability [who is the prevailing party]." 20 U.S.C. § 1415(i)(3)(B). Such fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." *Id.* § 1415(i)(3)(C). The Second Circuit has specified that an "action or proceeding" includes both administrative hearings and litigation before federal courts. *See A.R.*, 407 F.3d at 75. Therefore, a party who prevails after either administrative or judicial review may recover reasonable attorneys' fees as an independent action. 20 U.S.C. § 1415(i)(3)(B).

**B.    Factual Background**

Plaintiff alleges that his minor daughter S.O. lives with learning disabilities and was placed at York Preparatory School's Jump Start Program ("York"). Am. Compl. at 3. On or about January 15, 2019, Plaintiff initiated a due process proceeding on his and his daughter's behalf against Defendant "to obtain tuition reimbursement based upon [D]efendant's failure to provide S.O. with a FAPE for the 2018-19 school year." *Id*. A two-day trial was held before IHO Vanessa M. Gronbach. *Id*. Plaintiff alleges that, at the conclusion of that trial on June 19, 2019, the IHO

3

issued a 13-page "Findings of Fact and Decision."[3]  *Id.*  Plaintiff states that the IHO found, under the three-prong "Burlington-Carter" test, that:

    a) Defendant, DOE failed to meet [its] burden on prong I.  The DOE failed to offer a Free Appropriate Public Education ("FAPE") to the student for the 2018-19 school year.

    b) Plaintiff satisfied Prong II by demonstrating that York Preparatory School's Jump Start Program, was at all relevant times, and was an appropriate school placement for S.O. for the 2018-19 school year.

    c) Prong III, also known as the "equities", favored plaintiff, and there were no equitable considerations which would reduce the award of full reimbursement.

*Id.* at 3-4.[4]  Plaintiff states that the IHO's decision "directed [D]efendant to reimburse the Parent for the full cost of tuition paid to York for S.O.'s enrollment for the 2018-2019 school year." *Id.* at 4.  Plaintiff further alleges that he filed Due Process Complaints ("DPCs") against Defendant for the 2019-2020, 2020-2021, and 2021-2022 school years.  *Id.* at 4-5.  In response to each DPC, Plaintiff claims "the IHO issued an Interim Order on Pendency that directed the defendant to continue to fund/reimburse S.O.'s unilateral placement at York . . . retroactive to the date of the filing of the DPC." *Id.*  As such, Defendant reimbursed Plaintiff for the full costs of tuition paid to York for S.O.'s enrollment for the 2019-2020, 2020-2021, and 2021-2022 school years.  *Id.*

    From 2017 until 2022, Plaintiff "was represented by the Law Office of Irina Roller, PLLC ['LOIR'] in connection with obtaining reimbursement from Defendant." *Id.* at 5.  Plaintiff alleges that he paid LOIR legal fees in the amount of $56,603.96.  *Id.*  Plaintiff states that he qualifies as a "prevailing party" within the meaning of the IDEA, 20 U.S.C. § 1415(i)(3), and seeks reasonable attorneys' fees and other recoverable costs for legal services rendered in the following amounts:

---

[3] According to Plaintiff, the case number for the administrative proceeding is Case No. 181132. Am. Compl. at 3.

[4] Plaintiff references and incorporates the IHO's decision in the Amended Complaint but has not filed that decision in this action for the Court's review.

4

$23,718.59 for the 2019-2020 school year; $16,039.25 for the 2020-2021 school year; and $16,783.12 for the 2021-2022 school year. *Id.* at 5-6.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim for relief pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Hogan*, 738 F.3d at 514. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718 (2d Cir. 2013).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Courts "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp.*, 712 F.3d at 717 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Iqbal*, 556 U.S. at 678)). "While legal conclusions can provide the framework of a complaint, they must be

5

supported by factual allegations." *Pension Benefit Guar. Corp.*, 712 F.3d at 717 (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

Plaintiff seeks to recover attorneys' fees for the 2019-2020, 2020-2021, and 2021-2022 school years. Am. Compl. at 5. He alleges that "[a]s a consequence of the favorable, un-appealed administrative decisions, as well as subsequent Interim Orders on Pendency that ordered [his] reimbursement," he qualifies as a prevailing party within the meaning of the IDEA. *Id.* at 6. Defendant contends that because Plaintiff did not receive a decision on the merits of the underlying administrative actions, and because those actions were withdrawn without prejudice before their conclusion, Plaintiff is not a prevailing party entitled to attorneys' fees. Mot. at 1.

"A party attains 'prevailing party' status if that party attains success on any significant issue in the litigation that achieves some of the benefit sought in bringing the litigation, and the manner of the resolution of the dispute constitutes a change in the legal relationship of the parties." *Mrs. M. ex rel. "T" v. Tri-Valley Cent. Sch. Dist.*, 363 F. Supp. 2d 566, 569 (S.D.N.Y. 2002). A prevailing party must achieve a "material alteration of the legal relationship of the parties" and that alteration must be judicially sanctioned. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604-05 (2001); *A.R.*, 407 F.3d at 67. In other words, to be a prevailing party, one must either secure a judgment on the merits or be a party to a settlement agreement that is expressly enforced by the court through a consent decree. *Buckhannon*, 532 U.S. at 604. "In the context of an IDEA proceeding, IHO-ordered relief on the merits alters the legal relationship between the parties and thus confers an 'administrative imprimatur' sufficient to support an award of attorney's fees." *B.W.*, 716 F. Supp. 2d at 344.

The parties do not dispute that Plaintiff is a prevailing party for the 2018-2019 school year. However, Plaintiff only seeks attorneys' fees for the 2019-2020, 2020-2021, and 2021-2022 school years. As alleged in the Amended Complaint, Plaintiff's reimbursement for each of those years was obtained pursuant to an Interim Order on Pendency ("IOP"). Am. Compl. at 4-5. Pendency is the IDEA's "stay-put" provision allowing students to remain in their current educational placement. *See* 20 U.S.C. § 1415(j). Enforcement of this provision "ordinarily amounts to no more than preservation of the status quo." *K.R. ex rel. M.R. v. Bd. of Educ.*, 66 F. Supp. 2d 444, 450 (E.D.N.Y. 1999). But, when a pendency determination requires the IHO to engage in a "'substantive determination of which educational placement should be applied under the stay-put provision,' [a plaintiff] has requested relief on the merits" that may render them a prevailing party. *Id.* (quoting *J.C. v. Mendham Twp. Bd. of Educ.*, 29 F. Supp. 2d 214, 22 (D.N.J. 1998)).

As alleged, the IOPs did not create a "change in the legal relationship of the parties." *Buckhannon*, 532 U.S. at 605. Plaintiff provides no indication that the IOPs made a "substantive determination" regarding S.O.'s educational placement. *See K.R.*, 66 F. Supp. 2d at 450. Rather, Plaintiff alleges that "the IHO issued an Interim Order on Pendency that directed the defendant to continue to fund/reimburse S.O[.]'s unilateral placement at York" for each school year. Am. Compl. at 4-5. While the Second Circuit has yet to rule on this issue, other circuits have determined that such pendency orders, which merely preserve the status quo, do not convey prevailing party status upon a plaintiff. *See Tina M. v. St. Tammany Parish Sch. Bd.*, 816 F.3d 57, 60 (5th Cir. 2016) (holding plaintiffs were not a prevailing party after receiving a favorable pendency ruling because "obtaining a stay-put order under the IDEA does not require a showing on the merits"); *Bd. of Educ. v. Steven L.*, 89 F.3d 464, 469 (7th Cir. 1996) ("The law does not view [student's] parents as a prevailing party under § 1415(e)(4)(B) because their only ultimate

7

victory under the IDEA is the invocation of the stay-put provision."); *J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 274 (3d Cir. 2002) (holding that parents who achieve interim relief are entitled to prevailing party's attorney's fees only if "the interim relief granted derived from some determination on the merits.").

In opposition to the motion to dismiss, Plaintiff cites *D.S. v. N.Y.C. Dep't of Educ.*, 22-CV-10641 (GHW) (RFT), 2024 WL 2159785 (S.D.N.Y. Apr. 29, 2024), for the contention that an IOP issued by an IHO can confer prevailing party status. However, in that case, the court found that the interim order "was qualitatively different from an order that a child shall stay in his or her current placement" as the plaintiff "sought and achieved a change to the status quo," namely, the defendant's funding of independent neuropsychological testing and performance of additional evaluations. *Id.* at *4. No such change in status quo is alleged here.

Plaintiff also challenges Defendant's contention that Plaintiff chose to withdraw the underlying administrative matters after receiving relief through pendency. *See* Opp'n at 5. However, in ruling on this motion, the Court does not look beyond the facts alleged in the Amended Complaint and takes Plaintiff's factual allegations as true. Indeed, "[t]he task of the court in ruling on a Rule 12(b)(6) motion 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Schafer v. Direct Energy Servs., LLC*, 845 F. App'x 81, 81-82 (2d Cir. 2021) (quoting *DiFolco*, 622 F.3d at 113).

Based on the allegations in the Amended Complaint, the Court finds that Plaintiff has not plausibly alleged that he is the prevailing party for the 2019-2020, 2020-2021, and 2021-2022 school years.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is granted. Accordingly, Plaintiff's action is dismissed for failure to state a claim upon which relief may be granted. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

November 5, 2025
Brooklyn, New York